ANNA HEVERLY, PLAINTIFF-APPELLANT, v.
MARION KUTNIEWSKI, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued January 21, 1976—Decided February 26, 1976.

(1)

Before Judges FRITZ, SEIDMAN and MILMED.

*Mr. Harvey D. Brooks* argued the cause for the appellant (*Messrs. Hartmann & Brooks,* attorneys).

*Mr. Robert F. Colquhoun* argued the cause for the respondent.

PER CURIAM. Plaintiff Anna Heverly appeals from a judgment of "no cause for action" entered against her and in favor of defendant Marion Kutniewski on a jury verdict.

The essential facts in the case may briefly be summarized. In the afternoon of December 21, 1971, a two-car collision occurred in the southbound lane of Paramus Road in Paramus, in Bergen County. One of the cars was driven by Anna Heverly and the other by Marion Kutniewski. Irene Slaski was a passenger in the Heverly car. Marion Kutniewski was alone in his station wagon. Mrs. Heverly was at the time attempting to exit from the parking lot of a restaurant onto Paramus Road, a two-lane (one northbound and one southbound) roadway, 28 feet wide at the point of the accident, each lane being approximately 14 feet wide. The weather was clear and the roadway dry. Mrs. Heverly testified that traffic was "Very heavy" in both directions (north and south) on Paramus Road; that she

looked to her left and to her right; that she saw the Kutniewski car in the northbound lane of the roadway; that at the time she "was edging out"; that she saw the Kutniewski car veer towards her; that she "assumed he was going into the parking lot," and that the Kutniewski car suddenly "swerved" over the center of the roadway into the southbound lane, striking her car.

Mr. Kutniewski testified that "There was no traffic" on Paramus Road when the accident happened; that he had been driving in a northerly direction on the roadway; that "a car started to come out into the road"; that he "pulled to the left and jammed on" his brakes; that his car entered the southbound lane of the roadway, and that the left front of it struck the Heverly car.

Irene Slaski sued Kutniewski and Heverly for damages for injuries sustained in the accident. Mrs. Heverly and her husband sued Marion Kutniewski. The actions were consolidated and the consolidated matters tried on the issue of liability only.

The jury found both drivers negligent. Judgment was entered on the issue of liability as follows: in the first action judgment was entered in favor of Irene Slaski and against both drivers; and in the second action judgment was entered in favor of Marion Kutniewski and against Mr. and Mrs. Heverly "no cause for action." The first action, i. e., that of Slaski against Heverly and Kutniewski, has been settled.

■ Mrs. Heverly's appeal to this court is from the judgment of "no cause for action" entered against her in her action against Marion Kutniewski. She contends that (1) she "is entitled to a new trial because the evidence adduced at trial warrants a finding that there was a miscarriage of justice under the law," and (2) "the trial court erred in charging N. J. S. A. 39:4–66.1." We find no merit in either contention. Counsel for appellant argues, as he did in the Law Division on his motion for a new trial (which was denied), that there was no evidence in the record of any negligence on the part of Mrs. Heverly and that the trial judge erred

when, in his charge to the jury, he quoted the second paragraph of *N. J. S. A.* 39:4–66.1, *i. e.,*

The driver of a vehicle about to enter or cross a highway from a private road or driveway shall yield the right of way to all vehicles approaching on said highway.

From our review of the record we are satisfied that the evidence was adequate to support the jury verdict and that it does not clearly appear that there was any miscarriage of justice under the law. *R.* 2:10–1, *R.* 4:49–1(a). *Dolson v. Anastasia,* 55 *N. J.* 2, 6–8 (1969). In the circumstances the trial judge properly denied plaintiff's motion for a new trial.

In regard to the judge's reference to *N. J. S. A.* 39:4–66.1 appellant argues that "she would only have been required to yield the right-of-way to the defendant if she could have reasonably expected his vehicle to occupy some portion of the southbound lane while being operated in a northerly direction." We disagree. The specific terms of *N. J. S. A.* 39:4–66.1 do not so limit the driver's duty. In the factual situation disclosed in the record of this case Mrs. Heverly was required to yield the privilege of the immediate use of Paramus Road "to all vehicles" which could "reasonably be expected to come into proximity to the space" which her car would be required to occupy in the course of her maneuver to enter the roadway from the parking lot. See *Greenfield v. Dusseault,* 60 *N. J. Super.* 436 (App. Div. 1960), aff'd 33 *N. J.* 78 (1960); *N. J. S. A.* 39:1–1. The evidence was sufficient to support a jury finding that as Mrs. Heverly "was edging out" into the 28-foot wide Paramus Road, Mr. Kutniewski's station wagon could have reasonably been expected to come into *proximity* to the space which the Heverly car would be required to occupy in the course of its being maneuvered into the roadway. It was, accordingly, appropriate for the trial court to inform the jury of the pertinent provision of *N. J. S. A.* 39:4–66.1.

The judgment under review is affirmed.